

Gary L. Crandell, P.C.
Gary L. Crandell, Esq.
Colo. Attorney # 14887
P.O. Box 24266
Denver, Colorado 80224
(303) 322-0101
E-mail: gcrandellpc@qwest.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES R. GRDINA, II<br><br>    Plaintiff,<br><br>vs.<br><br>JACOB THE JEWELER, INC.<br>a New York corporation, d/b/a<br>JACOB AND CO.<br><br>    Defendant. | Case No. CV06-2264-phx-ROS<br><br>**PLAINTIFF'S COMPLAINT**<br>**FOR DAMAGES** |

The Plaintiff, by and through his attorney Gary L. Crandell, complains of the Defendant as follows:

### JURISDICTION AND VENUE

1. The Plaintiff is a natural person and a resident of the State of Arizona with a residential address of 14243 N.14th Drive, Phoenix, AZ 85023.

2. Defendant is a corporation organized and exiting under the laws of the State of New York with principal business offices located at 48 East 57th Street, New York, New York 10022. The

1

Defendant engages in business throughout the United States, including within the State of Arizona, and is subject to personal jurisdiction within the State of Arizona..

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship as to all parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. §1391(a) and (c).

## GENERAL ALLEGATIONS

5. Plaintiff incorporates herein all of the allegations contained in paragraphs 1-4 above.

6. Defendant is in the business of designing, manufacturing, distributing and selling high quality custom jewelry throughout the United States, including the State of Arizona.

7. On or about February 15, 2006, the Plaintiff entered into a contract with the Defendant for the manufacture and purchase of a Limited Edition 1/1 Platinum JC-JG 47 mm Diamond Watch with Platinum Diamond Bracelet, according to detailed specifications and instructions regarding design, karat weight, diamond quality and grade. By letter dated February 15, 2006, ( a copy of which is attached as Exhibit A) Plaintiff specified the following descriptions:

    a. Platinum JC 47mm Diamond Case w/ Skeleton Back;

    b. Platinum Pave Diamond Dial laid out like the Baguette Watch, including the hands, but with a date window;

    c. Automatic Movement for Center Time;

    d. Platinum LC Linky Diamond Bracelet w/ much thicker Links and the 2nd and 4th links smoothed to match the other Links;

    e. Collection Diamonds (VVS D) only set on the entire Watch;

      f.      Platinum Benzel - 10ct. White Diamond Channel Set

      g.      Platinum Bezel - 10ct. Fancy Yellow Intense/V Diamond Channel set

      h.      Platinum Bezel - 10ct. Cognac Diamond Channel Set

      i.      Platinum Bezel - 10ct. Blue Diamond Channel Set

      j.      Rose Cut Diamonds on the 4 Buttons and Crown.

8. On or about February 15, 2006, Defendant agreed to fabricate the subject watch according to the Plaintiff's specifications and descriptions for an agreed price of $175,000.

9. Plaintiff has paid the purchase price in full and has met all other conditions precedent to the delivery of his watch according to Plaintiff's descriptions and specifications.

10. On or about June 28, 2006, Defendant delivered a watch to the Plaintiff at Plaintiff's Arizona residence. The watch delivered by the Plaintiff was identified to the contract, but failed to conform to the Plaintiff's specifications in numerous, material respects. Immediately upon receipt of the non-conforming watch, Plaintiff notified Defendant of his rejection of the non-conforming tender.

11. Despite ample opportunity to correct its non-conforming tender, Defendant failed and refused to delivery a watch which conformed to the specifications of the contract.

12. On August 12, 2006, Plaintiff returned the non-conforming watch to the Defendant. Despite Plaintiff's timely rejection and return of the watch, the Defendant has failed and refused to refund the Plaintiff's purchase price or any portion thereof.

13. On August 31, 2006, the Plaintiff canceled the contract with Defendant and demanded a refund of the purchase price. A copy of the Plaintiff's demand is attached hereto and incorporated herein as Exhibit B. The Defendant has failed and refused to refund the Plaintiff's money as

demanded.

## FIRST CLAIM FOR RELIEF
### (Breach of Express Warranty)

14. The Plaintiff incorporates herein all of the allegations contained in paragraphs 1-13 above.

15. Pursuant to A.R.S. §§47-1205 and 47-1206 of the Arizona Uniform Commercial Code ("UCC"), Plaintiff and Defendant entered into a contract for the sale of goods.

16. Pursuant to UCC Section 47-2313, every contract for the sale of goods creates an express warranty that the goods will conform to any description of the goods which forms a basis of the bargain. Plaintiff's written specifications to Defendant are a description of the goods which formed the basis of the bargain between the parties.

17. Defendant's tender of delivery failed to conform in numerous, material respects with the Plaintiff's descriptions.

18. The Plaintiff rightfully rejected Defendant's tender of non-conforming goods.

19. Defendant has failed to seasonably notify the Plaintiff of its intention to cure its non-conforming tender, and/or to make a conforming delivery.

20. The Defendant's failure to tender goods according to the description of the contract, and its failure to timely cure the non-conformities of the rejected goods, constitutes a breach of the Defendant's express warranty that the goods would conform to the Plaintiff's description.

21. Pursuant to UCC Section 47-2711, the Plaintiff has canceled the contract and is entitled to the return of his purchase price.

22. Pursuant to state law, this action arises in contract and the Plaintiff is entitled to

recover reasonable attorney fees.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in the amount of $175,000; for interest as permitted by law; for costs, expenses, and expert witness fees incurred herein; for reasonable attorney fees; and for such other and further relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Warranty)

23. The Plaintiff incorporates herein all of the allegations contained in paragraphs 1-22 above.

24. Defendant is a merchant with respect to the goods sold to Plaintiff.

25. Pursuant to the contract, Plaintiff was obligated to pay for the goods prior to inspection or delivery. Plaintiff had no right or opportunity to inspect the goods prior to delivery.

26. Pursuant to the UCC Section 47-2314, there is a warranty of merchantability implied in the contract of sale. The watch tendered by the Defendant as identified to the contract does not pass without objection in the jewelry trade under the contract description, and does not run within the variations permitted under the contract with respect to kind, quality and/or quantity.

27. The Defendant has breached its implied warranty of merchantability.

28. Plaintiff rightfully and seasonably rejected the goods.

29. The Defendant is liable to the Plaintiff for the full amount of the purchase price paid.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in the amount of $175,000; for interest as permitted by law; for costs, expenses, and expert witness fees incurred herein; for reasonable attorney fees; and for such other and further relief as the Court deems

appropriate.

RESPECTFULLY SUBMITTED this 20 day of September, 2006.

GARY L. CRANDELL, P.C.

By _____
Gary L. Crandell #14887
P.O. Box 24266
Denver, Colorado 80224
(303) 322-0101
ATTORNEY FOR THE PLAINTIFF

Plaintiffs Address: 14243 N. 14th Drive
Phoenix, AZ 85023